# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Saeed Azghadi Samiee, an individual; and Samaneh Babaei-Karizani, an individual, | Case No. 2:20-cv-00303-APG-DJA |
| Plaintiffs, | **Order** |
| v. | |
| James River Insurance Company, et al., | |
| Defendants. | |

Before the Court is Defendant's *in-camera* submission of its claim file as addressed at this Court's most recent hearing on August 5, 2021. (ECF No. 54). In that hearing, the Court asked Defendant to submit an unredacted version of its claim file spanning from May 1, 2019 until September 7, 2019 with highlights where Defendant had placed the redactions to determine part of Plaintiff's motion to compel. (ECF No. 38). The purpose of the *in-camera* review was to determine whether Defendant's redactions were appropriate or overbroad. Because the Court finds that the redactions were appropriate, it denies Plaintiff's motion to compel with respect to the unredacted claims file from May 1, 2019 until September 7, 2019.

*In-camera* review is only appropriate after a party has submitted evidence supporting its claim of privilege and protection and there must be a sufficient evidentiary showing creating a legitimate issue as to application of the privilege or protection asserted. *See Diamond State Ins. Co. v. Rebel Oil Co., Inc.*, 157 F.R.D. 691, 700 (D. Nev. 1994). In Nevada, a client has a privilege to refuse to disclose confidential communications between the client' representative and the client's lawyer made for the purpose of facilitating the rendition of professional legal services to the client. *See* NRS 49.095. In insurance bad faith claims, the attorney-client privilege may not attach where counsel is "providing business advice or conducting investigative work in the

capacity of an insurance claims adjuster, rather than as a lawyer." *OOIDA Risk Retention Group, Inc. v. Bordeaux*, No. 3:15-cv-00081-MMD-VPC, 2016 WL 427066, at *7 (D. Nev. Feb. 3, 2016). The work product privilege in the context of insurance bad faith claims protects items prepared with an eye toward eventual bad faith litigation. *Aubeg v. State Farm Mut. Auto. Ins. Co.*, No. 2:14-cv-00635-GMN-GWF, 2014 WL 5503114, at *3 (D. Nev. Oct. 30, 2014).

The scope of discovery includes nonprivileged matters that are relevant to a party's claim or defense and proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). "Relevance" in discovery, means material that is reasonably calculated to lead to the discovery of admissible evidence." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

Here, having reviewed the redactions, the Court finds that they are appropriate. The redactions made for the purpose of protecting the attorney-client privilege properly withhold communications between Defendant's representative and Defendant's counsel for the purpose of facilitating the rendition of legal services. Defendant's attorney does not take the role of an adjuster in these communications.

Other redactions are appropriate under the work-product doctrine because they summarize the communications with the attorney and next steps suggested by the attorney. While certain redacted portions of the claim file simply refer to ministerial or clerical actions regarding the attorney communications, those items are irrelevant to the claims and defenses in this action and need not be produced. Similarly, certain redacted items discuss the third-party passenger in Plaintiff's car at the time of the underlying accident. Plaintiff has not argued that the claim file notes discussing the third-party's claims are relevant to his claims or defenses in this action and the Court's review of these items does not reveal that they are.

Defendant's redactions of the claim file spanning from May 1, 2019 until September 7, 2019 appropriate. The court thus denies Plaintiff's motion to compel to the extent it seeks the entire, un-redacted claim file. (ECF No. 38). Defendant need not produce the claim file spanning from May 1, 2019 until September 7, 2019 in an unredacted form.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to compel (ECF No. 38), to the extent it requests the entire, un-redacted claim file, is **denied**.

DATED: October 8, 2021

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE